IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Rapides Parish School Board**, *Plaintiff*, v. **United States Department of Health and Human Services**, et al., *Defendants*. | Case No. 1:25-cv-00070-DDD-JPM<br><br>Judge Dee D. Drell<br><br>Magistrate Judge Joseph H.L. Perez-Montes |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY**

This Court should allow summary judgment briefing to continue, despite Defendants' motion for a stay.

Defendants moved for a stay of all summary judgment briefing [ECF No. 25] and moved to extend their deadline to file their summary judgment brief until 30 days after the Court rules on their stay motion [ECF No. 26]. Plaintiff Rapides Parish School Board did not object to a reasonable extension of time for Defendants to file their brief, but it opposes a stay. This Court extended Defendants' deadline to file their summary judgment brief until July 30, 2025, and noted its order was "not for a stay." ECF No. 27. To the extent the Court thereby denied Defendants' motion for a stay, the school board agrees. To the extent Defendants' motion for a stay is still pending, this Court should deny the motion because the school board is not free from Defendants' mandates challenged in this case, and it would be prejudiced by being precluded from seeking relief.

The school board moved for summary judgment on the legality of several gender-identity regulations that the prior Administration imposed through the U.S. Department of Health and Human Services (HHS) and the Equal Employment

1

Opportunity Commission (EEOC). Regulatory mandates do not dissolve when a new President takes office, nor when he issues an executive order. Regulatory mandates still govern the school board under a new president unless and until they are finally eliminated by a court, or by an often multi-year rulemaking process. *See Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 376 (5th Cir. 2022) (regulatory mandates transcend administrations until "repealed").

As the school board explained in its summary judgment brief, the mandates challenged in this summary judgment motion have not been finally eliminated. [ECF No. 22 at 9–17]. Specifically:

- HHS's Grants Gender Identity Mandate has not been curtailed *in any way*. This mandate forces the school board to impose gender ideology on preschoolers through its Head Start Program funding. There is no rationale to stay the school board's request for summary judgment.
- HHS's Section 1557 Gender Identity Mandate has been preliminarily enjoined by other courts but not permanently vacated. It has taken each administration an average of three-and-a-half years to change this rule by rulemaking, and in each case the change was enjoined before it could become final, leaving entities in regulatory limbo. Making the school board wait for summary judgment would bog down this case indefinitely.
- HHS's Section 504 Gender Identity Mandate was imposed through notice and comment rulemaking, but HHS has merely issued a public notice declaring the requirement to be inapplicable. As explained in the school board's brief, that does not adequately protect the school board.
- The harassment guidance forming part of EEOC's Title VII Workplace Gender Identity Mandate has been vacated by a court in Texas, but that ruling could still be appealed by July 21, 2025. Unless and until that ruling becomes final and not subject to appeal, the ruling is not final.

HHS and EEOC have not attempted to rescind these mandates through notice-and-comment rulemaking as would be required by the Administrative Procedure Act, 5 U.S.C. § 553. Regulated entities should not have to wait for that long and arduous process to occur—sometimes encompassing the entirety of a presidential term—before obtaining relief from a final rule that regulates them.

The school board thus has standing to sue as a regulated entity, as the "object[ ]" of the mandates. *Nat'l Religious Broads. v. FCC*, 138 F.4th 282, 290 (5th Cir. 2025). [ECF No. 22 at 9–14]. The school board is "an object of the [federal] regulations because the regulations explicitly seek to restrict" its policies. *Diamond Alt. Energy, LLC v. EPA*, No. 24-7, 2025 WL 1716141, at *8 (U.S. June 20, 2025). Under these mandates the school board must remove its policies respecting the biological binary nature of sex and replace them with different policies that no longer respect the physical differences between male and female. [ECF No. 22 at 2–6]. For this reason, the school board, is "free to seek relief from" the very "regulations that require or demand action from" it. *Purl v. HHS*, No. 2:24-CV-228, 2025 WL 1708137, at *7 (N.D. Tex. June 18, 2025). Plus, because the school board must incur compliance costs (like updating policies, issuing new notices, and training employees), it has an additional injury-in-fact supporting standing. *Id*. at *8–10.

Defendants suggest that the school board's claims may not be justiciable for various reasons of standing or mootness. [ECF No. 25 at 3–9]. But those are not reasons to stay summary judgment briefing—they are arguments to be heard and resolved *during* summary judgment briefing. Essentially Defendants ask the Court to issue a collateral ruling in its favor on justiciability in the posture of a stay, and thereby deny the school board the right to have the Court address those arguments during summary judgment briefing. The Court should reject Defendants' procedural

3

sleight of hand and deny the stay motion, instead addressing standing and justiciability during summary judgment if Defendants brief those arguments.

The summary judgment motion also presents pure questions of law that are appropriate for immediate resolution and can be judged on the face of the mandates. It concerns controlling questions of the mandates' legality, which do not require factual inquiries, and it spares the Court from resolving constitutional challenges to the mandates. [ECF No. 22 at 17–32].

Finally, Defendants suggest (at 4) that because the school board has been open to discussing alternative possibilities to resolve this case, the summary judgment briefing should be stayed. The school board considers this argument inappropriate. First, there are no current settlement discussions concerning the HHS mandates challenged here, and discussions concerning the EEOC's mandate are on hold. Second, the school board did not (and would not) waive or delay its right to seek summary judgment simply because it is open to discussions with Defendants. Defendants likewise never said that if the school board entertained discussions it would be precluded from seeking relief. Using possible settlement discussions to indefinitely delay the other party's relief deters those discussions.

Summary judgment motions are the standard way to resolve APA challenges, including jurisdictional questions, because the court is "reviewing the legality of the agency's decision and is not acting as the initial factfinder." *Hollingsworth v. Vilsack*, 366 F. Supp. 3d 766, 775–76 (W.D. La. 2018). In a case like this, with no facts disputed or discovery needed, that ordinary practice makes perfect sense.

## CONCLUSION

The Court should deny Defendants' Motion to Stay [ECF No. 25] to the extent it has not already done so.

Respectfully submitted this 7th day of July, 2025.

| *s/ Michael T. Johnson* | *s/ Matthew S. Bowman* |
|---|---|
| **Michael T. Johnson** | **Matthew S. Bowman (Lead Attorney)** |
| LA Bar No. 14401 | WDLA Temp. Bar No. 913956 |
| **Johnson, Siebeneicher & Ingram** | **Natalie D. Thompson** |
| 2757 Highway 28 East | WDLA Temp. Bar No. 918095 |
| Pineville, Louisiana 71360 | **Alliance Defending Freedom** |
| Telephone: (318) 484-3911 | 440 First Street NW, Suite 600 |
| Facsimile: (318) 484-3585 | Washington, DC 20001 |
| mikejohnson@jslawfirm.com | Telephone: (202) 393-8690 |
| | Facsimile: (202) 347-3622 |
| | mbowman@ADFlegal.org |
| | nthompson@ADFlegal.org |
| | |
| | **Julie Marie Blake** |
| | WDLA Temp. Bar No. 918094 |
| | **Alliance Defending Freedom** |
| | 44180 Riverside Parkway |
| | Lansdowne, VA 20176 |
| | Telephone: (571) 707-4655 |
| | Facsimile: (571) 707-4790 |
| | jblake@ADFlegal.org |

*Counsel for Plaintiff Rapides Parish School Board*

5